UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Bryan Lee,

    Plaintiff

v.

DataX, Ltd,

    Defendant

Case No.: 2:22-cv-01209-JAD-NJK

**Order Dismissing and Closing Case**

On January 9, 2024, the court advised plaintiff Bryan Lee that this case would be dismissed for want of prosecution if no action was taken by February 8, 2024.[1] Because no action has been taken, I dismiss this case. District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[2] In determining whether to dismiss an action based on a party's failure to prosecute,[3] the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of

---

[1] ECF No. 15 (notice regarding intent to dismiss for want of prosecution).

[2] *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).

[3] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (upholding dismissal for lack of prosecution and failure to comply with local rules); *see also* L.R. 41-1 (authorizing dismissal of civil actions pending for "more than 270 days without any proceeding of record having been taken").

[4] *Henderson*, 779 F.2d at 1423–24.

prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.[5] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[6] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[7] Because this action cannot realistically proceed without the plaintiff moving it forward, the only alternative is to enter a second order setting another deadline. But given that the plaintiff has ignored this case for a year and a half, the likelihood that a second order would prompt action is low, so issuing a second order will only delay the inevitable and further squander the court's finite resources. The fifth factor thus favors dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice for want of prosecution. The Clerk of Court is directed ENTER JUDGMENT accordingly and to CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
April 11, 2024

---

[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[7] *Henderson*, 779 F.2d at 1424.